Opinion of the court.
T'he complainant, as a creditor of John F. Farmer, filed this bill to subject a tract of land of 240 acres to- the satisfaction of his debts, upon the ground that the land had been fraudulently conveyed to the de-, fendant R. P. Farmer, the son of the defendant John F. Farmer, to hinder and delay creditors in the collection of their debts.
The land was purchased by the defendant John F. Farmer of one Alfred Gardner, executor, and a title bond executed to make title when the purchase money was paid. This purchase money was secured *552 by the promissory notes of the defendant John F. Farmer. The title bond was afterward assigned by the bargainee to defendant R. P. Farmer, and the said Gardner was directed by the former' to execute the title to the latter upon the' payment of the purchase money. As a matter of fact the purchase money was paid by the defendant R. P. Farmer, but it is charged that the payment was really made with the money of John F. Farmer, and that the pretended payment as of his own funds by R. P. Farmer was covinous and fraudulent. These allegations of fraud are made in the bill and certain direct interrogatories propounded to the defendants without waiver of verification of their answers by oath, and in the- answers the fraud is denied, and it is positively averred that said purchase money was paid by defendant R. P. Farmer with his own money, except the sum of $400 paid by the wife of defendant John F. Farmer out moneys in the hands of her father’s executor, which latter was so paid without ever passing through the hands of her said husband.
The answer claims that the deed was so made to R. P. Farmer as a security for the moneys so advanced and paid. The ’ answer is sworn to and its positive denials are shaken by the testimony of only one witness, %vhich is at best not very satisfactory. On the other hand, the averments of the answer are supported by some proof. Under the well established rules of a court of equity, we are of opinion that the complainant has failed to make out his case under the allegation of fraud. The Chancellor so held, but *553 allowed the complainant a decree for his debt, and held that the deed was a mortgage to indemnify the defendant R. P. Farmer for his payments: that the $400 alleged to have been paid by the wife of defendant John F. Farmer, was in law a payment by the husband, and that the land be subjected, first to discharge the amount of the mortgage, and the balance, if any, paid on the complainant’s debt. From this decree the complainant only, has appealed.
We are of opinion upon the proof that the decree is correct, and the same will be affirmed and the cause remanded.
The costs of this court will be paid by the complainant, and the costs below, as adjudged by the Chancellor.